* WHITE, J.,
stated the Case, and delivered the opinion of the Court, as follows :
At the October Term of the Superior Court for Albemarle, in the present year, Hudson Sprouce was indicted for the murder of one Susan Sprouce, and being put to the Bar to answer the said Indictment, offered a plea in abatement thereof, which set forth, in substance, that the Court held for his examination, (and by which his Case was adjourned over to the Court in course, of the said county, by which last Court he had been sent on to the said Superior Court for further trial,) had not been duly constituted in this ; that the Warrant by which the said Examining Court was summoned, did not set forth, and specify, any positive and particular species of offence, or crime with which he was charged, and into which it was to enquire ; which Warrant is in these words : “ Albemarle County, to wit: Whereas Hudson Sprouce, late of the county aforesaid, labourer, was this day committed *277 to the jail of this county by my Warrant, it appearing- to me that the felonious offence wherewith he stands charged, ought to be examined into by the County Court; therefore, in behalf of the Commonwealth, I require you, that you summon the Justices of your said county to meet at the Courthouse on the 21st day of the present month, then and there to hold a Court for the examination of the fact with which he, the said Hudson Sprouce, stands charged, and for such other purposes concerning the premises, as is by Haw required and directed; and that you have then there this Warrant. Given under my hand and seal, this 14th day of October, 1822. William Woods.” No other part of the proceedings had against the said prisoner, either by or before the said Magistrate, or by or before the said Courts, or either of them, was set out in the said plea. To the admission of the said plea, the Attorney for the Commonwealth objected, and the Court sustained the objection, and refused to receive the plea; to which refusal, the prisoner excepted.
The prisoner then pleaded “ not guilty,” and as the jury were called to the book, challenged three of the jurors for cause, all which challenges were over-ruled, and the prisoner then challen ged them peremptorily. To these opinions of the Court, over-ruling his said challenges, the prisoner filed three bills of exceptions.
*Erom the first of these, it appeared. by the oath of John Terrell, one of the venire-men, that he had not heard any of the evidence in the Case, but that he heard a person who was at the Examining Court detail a part of the evidence, to wit: the evidence of Patsy Woods, who was said to be the principal witness in the prosecution, and who also stated there were several witnesses who seemed to contradict her statement. That he, the juror, had stated, that if these things were true, he believed the prisoner guilty ; but that the prisoner was a stranger to the juror ; that he resided at least thirteen miles from him; that he felt no prejudice in his mind against him; that he was open to conviction, and ready to do the prisoner justice. And if the facts did not turn out as they had been represented to him, he was ready to change his opinion.
Prom the second bill of exceptions, it appeared, by the statement of the juror, Abraham Wiant, when examined on his voir dire, “that he had heard the subject of the trial frequently in the county ; that he cannot now say whether the persons from whom he has heard the relations of the evidence, were present at the Examining Court, or not. But, upon such relations, which he believed to be true, he has formed a pretty substantial opinion, and expressed the same more than once ; that he now thinks, that notwithstanding the formation and expression of such opinion, he could, as a juror, do justice to the prisoner ; that he was not at the Examining Court, nor had he heard the evidence in the Case, nor conversed with any of the witnesses ; that the opinion which he had taken up, and frequently expressed, was founded in rumour in the county ; that he felt no prejudice, and was open to conviction.”
The exception taken to the third juror who was challenged, need not be here inserted,because no opinion is given on it.
The jury in this Case returned a verdict of guilty of murder in the first degree, and judgment of death was of course pronounced on the prisoner. And the errors assigned for the reversal of that judgment, are :
1. That the Court erred in not receiving the aforesaid plea in abatement.
2. That the Court erred in over-ruling the prisoner’s challenges.
Upon the first point, a majority of the Court are of opinion, that the said plea, as pleaded, does not disclose matter *sufBcient to abate the said Indictment, and of course that there was no error in rejecting it.
Upon the second point, the Judges are unanimously of opinion, that the challenge of the juror, John Terrell, was correctly overruled; but the Court is further of opinion, that the challenge of the juror, Wiant, was good in Eaw, and ought to have been sustained.
In England, it has long been an established principle, that if a juror has formed and delivered an opinion, it is a good cause for a principal challenge, and in the Case of The Commonwealth v. Lithgow, ante, p. 297, this Court understood that doctrine to mean, “hath made up, and expressed a decided opinion,” and it was correctly understood. The very terms imply an opinion formed on reflection, and this Court cannot perceive any real difference between the word substantial, as used here, and the word decided.
It is true, that if this objection had appeared in the shape of a principal challenge, the prisoner must have proved his allegations by testimony. It is also true, that this has assumed the shape of a challenge to the favor, in which, whilst the pris-' oner has a right to appeal to the conscience • of the juror, on his voir dire, the juror was not obliged to answer any question tending to fix infamy, or disgrace, on him ; and that it has been said in some of the English books, that he is not obliged to disclose whether he has, or has not, formed and delivered an opin.-ion on the prisoner’s case, because as it is alleged, such disclosure would tend to his disgrace» It is not necessary to say, whether the latter part of this rule would be sustained by this Court. It certainly was disregarded in Burr’s Case. Be that as it may, if a juror has in Virginia such a privilege, it is certainly his, and not the privilege of the Com- . monwealth. And the juror not having in this case claimed the benefit of it, but brought . the truth fairly before the Court, it is not perceived how the Eaw of the case, or the rights of the prisoner, can be otherwise than they would have been, if those facts had been . proved by indifferent testimony, on a principal challenge. And, although a juror. ,may . believe that “after an opinion so formed and , expressed, he will be regulated by testimony, yet the Eaw suspects him, and certainly, not without reason.” (Burr’s Trial, p. 416.),,. ,
*278 There is nothing' in the peremptory challenges of the prisoner not being exhausted before a jury had been elected *by him. That point was settled in Eithgow’s Case, ante, p. 297.
The judgment is therefore to be reversed, the verdict' set aside, and the Cause sent back for a new trial to be had.